UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RESPONZETV PLC,
RESPONZETV AMERICA, LLC
(F/K/A RELIANT INTERNATIONAL MEDIA, LLC),
and EXI INTERNATIONAL CORP.,

    Plaintiffs,

v.                                        Case No.:_____

AKOS JANKURA
and EXI INTERNATIONAL, INC.,

    Defendants.
_____/

## COMPLAINT

The Plaintiffs, RESPONZETV PLC, RESPONZETV AMERICA,LLC (formerly known as RELIANT INTERNATIONAL MEDIA, LLC), and EXI INTERNATIONAL CORP. (hereafter collectively referred to as "Plaintiffs"), sue the Defendants, AKOS JANKURA (hereafter "JANKURA") and EXI INTERNATIONAL, INC., (hereafter "EXI INC."), and state:

### THE PARTIES

1.     RESPONZETV PLC is a limited liability company organized under the laws of England and Wales, with principal offices located at Suite 2508, Langham Place, 8 Argyle Street, Mongkok, Kowloon, Hong Kong, which is in the business of TV home shopping and direct response marketing, inclusive of infomercial and television mediums.

2.     RESPONZETV AMERICA,LLC (formerly known as RELIANT

INTERNATIONAL MEDIA, LLC) is a limited liability company organized under the laws of the State of Florida with principal offices located at 11880 29th Street North, St. Petersburg, Florida, which is in the business of TV home shopping and direct response marketing, inclusive of infomercial and television mediums.

3. EXI INTERNATIONAL CORP. is a limited liability company organized under the laws of Florida with principal offices located at 11880 29th Street North, St. Petersburg, Florida, which is in the business of TV home shopping and direct response marketing, inclusive of infomercial and television mediums.

4. Upon information and belief, AKOS JANKURA is an individual resident of Florida, who resides at 218 Palma Del Mar Blvd, Unit 110, St. Petersburg, FL 33715, Florida.

5. Upon information and belief, EXI INTERNATIONAL, INC. is a corporation formed under the laws of Canada, with principal offices located at 268 Lakeshore Road East, Unit 516, Oakville, Ontario, Canada L6J 7S4, doing business in Florida.

6. This is an action based on a breach contract for damages which exceed $75,000.00.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity of citizenship among the parties, and the matter in controversy exceeds the sum of Seventy-five thousand dollars ($75,000.00), exclusive of interest, attorney fees, and costs. Further, the Share Purchase Agreement referenced below

2

states that the Middle District of Florida shall have exclusive jurisdiction to settle any dispute arising out of it.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. On March 30, 2007, JANKURA and EXI INC. entered into a Share Purchase Agreement ("the Agreement") with RESPONZETV PLC and EXI INTERNATIONAL CORP. (attached hereto as Exhibit "A").

9. On that same date, JANKURA entered into a Formal Service Contract ("Formal Service Contract") with RELIANT INTERNATIONAL MEDIA, LLC. (attached hereto as Exhibit "B").

10. JANKURA and EXI INC. have committed multiple violations of the obligations and restrictions set forth in both the Agreement and the Formal Service Contract causing financial and other damages to Plaintiffs.

11. As part of the Agreement, EXI INC. assigned to EXI International, Corp.: "all the property, right, title and interest throughout the world in and to all Intellectual Property Rights owned by it [EXI INC.] or in which it [EXI INC.] has any interest, including the trade marks relating to 'My Sheet Music' and 'Stainz-R-Out' (including the right to bring proceedings in respect of any infringements of such rights, whether committed before or after Completion) . . . " (*Provision 5.3 of the Agreement*).

12. As part of the Agreement, JANKURA and EXI INC., as "Vendors", also agreed to restrictions on their respective business activities. Specifically:

> The Vendors covenant with the Purchaser and the Company that they shall not, and shall procure that no Restricted Person shall, whether directly or indirectly, alone or jointly with or on behalf of any other person or as principal, partner, agent, shareholder, director, employee, consultant or otherwise howsoever:
>
> (a) any time during the Restricted Period carry on or assist with or provide advisory services in connection with or be interested in any Restricted Business within the Restricted Area; or
>
> (b) any time during the Restricted Period supply (or procure or assist the supply of) any Products to any Customer or Prospective Customer within or for delivery or supply within the Restricted Area; or
>
> (c) any time during the Restricted Period solicit (or procure or assist the solicitation of) the custom of any Customer or Prospective Customer in respect of Products for delivery or supply within the Restricted Area; or
>
> (d) any time during the Restricted Period offer employment to, employ, or offer or conclude any contract for services with or solicit the employment or engagement of any Key Person or procure or assist any third party to do any of the foregoing; or
>
> (e) any time after the date of Completion (unless otherwise authorised by a separate agreement between the Vendors and the Purchaser) use any corporate or trading name, mark or style which may suggest a connection with the Business or the Company or which is similar to any corporate or trading name, mark or style used by the Business, the Company or the Subsidiary.

(*Provision 9.2 of the Agreement*).

13. As part of the Agreement, JANKURA and EXI INC., as "Vendors", also agreed that they: "shall not, and shall procure that no person connected with them shall, make use of or disclose to any person any Confidential Business Information." (*Provision 11.3 of the Agreement*). "Confidential Business Information" is defined in the Agreement as "all information not publicly known, used in or otherwise related to the Vendors, the Business or the Company and/or their Business, customers or other affairs." (*Provision 11.1 of the Agreement*).

14. The Formal Service Contract between JANKURA and RELIANT (referenced in *9.1 of the Agreement*) states that JANKURA would act as "Senior Vice President" reporting to the Chief Executive Officer of RELIANT.

15. In exchange for his salary and bonuses, JANKURA was required to: "perform your duties to the best of your ability and use all reasonable efforts to promote the business of the company of any member of the ResponzeTV PLC group of companies ('the Group'). You will not permit there to be any conflict between your own interests and those of any member of the Group." (*Section III, Formal Service Contract*).

16. Pursuant to the Additional Duties and Responsibilities section of the Formal Service Contract, JANKURA was restricted in his activities. Specifically, that section states: "You will at all times not (i) act in conflict with the Group's best interests, (ii) engage in any other business or employment or compete with the Group, (iii) accept any

5

unauthorized financial or other benefit, . . . " (*Section IV, Formal Service Contract*).

## Count I
## Breach of Contract

17. Plaintiffs hereby reassert the facts and allegations set forth in paragraphs 1 - 16 above as if full restated herein.

18. RESPONZETV PLC, RELIANT INTERNATIONAL MEDIA, LLC, and EXI INTERNATIONAL CORP. have satisfied, in full, their respective obligations under the Agreement and Formal Service Contract and have performed all conditions precedent and subsequent.

19. JANKURA and EXI INC. have breached the Agreement and Formal Service Contract by, among other actions, taking the following actions:

    a. Since at least May 2008, JANKURA and EXI INC., have been using the Stainz-R-Out (hereinafter "SRO") trademark and intellectual property in violation of the Agreement and the Formal Service Contract. Specifically, JANKURA and EXI INC. have been selling SRO products to QVC Germany and QVC UK outside of EXI International Corp. and they have not accounted for those sales.

    b. In conducting those sales JANKURA and EXI INC. have been acting with EXI International Corp.'s sales representative in Germany, H&K Handelsgesllscaft, to make sales outside of EXI International Corp., in violation of the Agreement and the Formal Service Contract.

    c. These improper sales include:

        (1) JANKURA and EXI INC. have been selling two (2) SRO products on QVC Germany television, neither of which were sold by EXI International, Corp. (Specifically, Article No. 830409 SRO Super-

6

Saugtucher in Article No. 830430 SRO Schmuhreinigung).

(2) Additionally, JANKURA and EXI INC. have been selling (i) jewelry tablets in a German labeled bottle in 40 count size featured on QVC Germany, which are also not sold by EXI International, Corp, and (ii) an SRO Shammy featured on QVC Germany which is also not sold by EXI International Corp.

(3) EXI International Corp. is in possession of a Remittance Invoice dated August 6, 2008, from QVC Germany with a vendor address of "EXI International KFT., Dregely u. 15. VII./24, H-1097 Budapest", a for a sale that took place in June and July of 2008.

(4) Further, EXI International Corp. is in possession of a Purchase Order from QVC UK for a purchase of "SRO Magic Towels" and the supplier is identified as: "EXI International KFT., Dregely u. 15. VII./24, H-1097 Hungary".

These documents clearly establish that JANKURA and EXI INC. are selling SRO products outside the Agreement with EXI International Corp., in violation of the aforementioned Agreement.

d. JANKURA has established a company, "EXI Hungary" to sell products to QVC UK in violation of the Agreement as well.

e. JANKURA has arranged for QVC UK to utilize an address for EXI International in Canada (EXI International 11880 28th Street North, 516-268 Lakeshore Road East L6J 7S4, Canada). This is evidenced by a Purchase Order dated August 21, 2008 for the sale of SRO Miracle Paste (a sale not made through EXI International Corp.)

f. EXI International Corp. is also in possession of a Product Track Order Sheet provided by QVC UK which shows a list of the products from "EXI Hungary" which was apparently supplying products to QVC UK that were formerly supplied by EXI International Corp.

g. JANKURA has told suppliers and customers, including the Home Shopping Network ("HSN") and QVC Germany that EXI International Corp.

7

was in breach of their purchase agreement with JANKURA and was having financial difficulties and/or going bankrupt, in an attempt to discredit EXI International Corp.

      h.    JANKURA has made false representations to suppliers and customers of the Plaintiffs, including QVC UK and QVC Germany, that he is the one that owns the rights to the Stainz-R-Out products, not EXI International Corp.;

      i.    JANKURA has made false representations to Innovative Chemical Corp. (the supplier of Stainz-R-Out products) that EXI International Corp. was about to go bankrupt. In direct reliance on those false statements, Innovative Chemical Corp. sought revised payment terms from EXI International Corp. (requesting advance payment) which terms were a direct financial detriment to EXI International Corp.

      j.    JANKURA and EXI INC. have been ordering SRO product directly from Innovative Chemical Corp. for sales outside of EXI International Corp. in clear and direct violation of the Agreement.

      k.    JANKURA and EXI INC. retained counsel, Attorney Andrew N. Spivak from the law firm of Morrison Foerster in Washington, D.C., to send letters on or about August 27, 2008, to a variety of EXI International Corp.'s customers inaccurately stating "EXI Inc." owned the rights to Stainz-R-Out products and that ResponzeTV International Limited (an affiliated company of EXI International, Corp.) was selling it without authorization. This again is false. It has never been disclosed who these letters were sent to, but EXI International Corp is aware of these letters being were sent to GS Home Shopping, Philip Parker, and Richard Lee. EXI International Corp. has a good faith belief that letters were sent to other unknown entities.

      l.    JANKURA caused corporate deals involving EXI International Corp. to be terminated by surreptitiously divulging company information and making false statements regarding the ResponzeTV PLC group. These deals were a potential corporate sale of EXI International Corp to OmniReliant Holdings, Inc and a significant cash investment by that company into ResponzeTV PLC. JANKURA undertook unauthorized discussions with them and made false statements about breaches of the Agreement, his rights to SRO, and the financial status of ResponzeTV PLC and its subsidiaries.

m. JANKURA improperly, fraudulently and in violation of the contracts, registered brand rights to Stainz-R-Out on the European Register to Mr. Jankura's Hungarian company. This has caused direct financial detriment to EXI International Corp, as European customers cancelled existing orders for Stainz-R-Out and are refusing to enter into new orders, as a result.

20. Plaintiffs have suffered significant financial damages as a result of these actions by JANKURA and EXI INC., as well as other violations of the Agreement and Formal Service Contract.

WHEREFORE, the Plaintiffs, RESPONZETV PLC, RELIANT INTERNATIONAL MEDIA, LLC, and EXI INTERNATIONAL CORP., demand a judgment from this Honorable Court, against the Defendants, AKOS JANKURA and EXI INTERNATIONAL, INC., for all damages caused by their breaches and violations of the Agreement and Formal Service Contract, attorneys' fees, together with prejudgment interest and the cost of this action, and any other relief this Court deems just and proper.

## Count II
## Accounting

21. Plaintiffs hereby reassert the facts and allegations set forth in paragraphs 1 – 16 and 18-20 above as if full restated herein.

22. This is a demand for an accounting of AKOS JANKURA and EXI INTERNATIONAL, INC.'s books and for JANKURA, as controller of EXI International Kft,

to provide accounting of that company's books.

23. The aforementioned breaches and violations have resulted in, among other damages, lost sales by the Plaintiffs – which were usurped by AKOS JANKURA, EXI INTERNATIONAL, INC and EXI International Kft.

24. The profits from those sales rightfully belong to Plaintiffs. However, as Plaintiffs do not possess any records related to those sales, Plaintiffs are uncertain as to the exact amount AKOS JANKURA and EXI INTERNATIONAL, INC. owe to them.

25. To remedy this uncertainty, Plaintiffs request an accounting of all of AKOS JANKURA and EXI INTERNATIONAL, INC.'s books and records to be performed by an independent auditor/accountant and for AKOS JANKURA to provide similar accounting for the books and records of EXI International Kft.

26. Specifically, Plaintiffs request this Court to appoint an independent auditor/accountant and to give said auditor/accountant full authority to review all of AKOS JANKURA and EXI INTERNATIONAL, INC.'s records relating to the Stainz-R-Out products. That authority should include the opportunity to review all accounting, financial, marketing, and sales records kept by AKOS JANKURA and EXI INTERNATIONAL, INC. in relation to the Stainz-R-Out products.

WHEREFORE, the Plaintiffs, RESPONZETV PLC, RELIANT INTERNATIONAL MEDIA, LLC, and EXI INTERNATIONAL CORP., demand an accounting be performed of

AKOS JANKURA and EXI INTERNATIONAL, INC.'s records in accordance with the parameters requested above, for attorneys' fees and costs, and for any other relief the Court finds just and equitable.

                                           ANDREW J. LEWIS, ESQUIRE
                                           Florida Bar No. 0964190
                                           HAAS DUTTON LEWIS, P.L.
                                           4921 Memorial Highway, Suite 200
                                           Tampa, Florida 33634
                                           (813) 253-5333
                                           (813) 254-8555 FAX
                                           Attorneys for Plaintiff